■ Paul Vita, Appellant, v The Hertz Corporation, Respondent. [766 NYS2d 840]—

*Order*, Supreme Court, New York County (Milton Tingling, J.), entered or about December 13, 2002, which granted defendant's motion for summary judgment to the extent of finding that plaintiff's recovery against defendant, if any, should be limited pursuant to California's vicarious liability statute (Cal Veh Code §§ 17150, 17151) to $15,000, unanimously affirmed, without costs.

Plaintiff was allegedly injured in an automobile accident in California in a vehicle rented to him in that state by defendant. Inasmuch as it is undisputed that the vehicle was never used or operated in New York, New York's vicarious liability statute (Vehicle and Traffic Law § 388) is expressly inapplicable and plaintiff's reliance upon it is unavailing. Application of the California statute, the only potentially applicable vicarious liability provision, was proper to assure that there would be some responsible party answerable in damages. Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Marlow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY HYLTON, Appellant. [766 NYS2d 840]—Judgment, Supreme Court, Bronx County (William Mogulescu, J.), rendered on or about November 16, 1999, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.